# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

KELLY ANN SHEA,

    Debtor.

Case No. 08-10350-RGM
(Chapter 7)

## MEMORANDUM OPINION

THIS CASE is before the court on the debtor's request for expedited hearing on her motion to extend the automatic stay (Docket Entry 22).

The debtor filed a motion requesting that the automatic stay be continued beyond the 30-day period provided in Bankruptcy Code §362(c)(3)(A). This case was filed on January 25, 2008, which is within one year of the dismissal of a prior case. Thus, the automatic stay imposed by §362(a) of the Bankruptcy Code expired on February 25, 2008. The motion to extend the automatic stay was filed on February 26, 2008, one day after the expiration of the 30-day period. Bankruptcy Code §362(c)(3)(B) requires that a hearing to extend the automatic stay be "completed before the expiration of the 30-day period." That cannot be accomplished in this case and the stay cannot be extended. Even an expedited hearing comes too late. Setting an expedited hearing in these circumstances is futile and the motion will be denied.

The court further notes that the debtor states that she is renting her home. The difficulty she encounters is that the home – which she does not own – is being sold at a foreclosure sale on February 27, 2008. She would like the foreclosure sale stayed so that she can remain in the property until she obtains a discharge. The automatic stay does not extend to the lender of the debtor's

landlord. *See In re Geris,* 973 F.2d 318 (4th Cir. 1992) (automatic stay not applicable to property not owned by debtor even though property was collateral for obligation debtor guaranteed). At best, the debtor could seek an injunction premised on Bankruptcy Code §105. *See A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986) (third-party injunction). However, an action for an injunction must be in the form of an adversary proceeding. It is commenced by filing a complaint, not by filing a motion. *See* Fed.R.Bankr.P. 7001(7).

The motion for an expedited hearing will be denied.

DONE at Alexandria, Virginia, this 27th day of February, 2008.

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Donald F. King

Copy mailed to:

Kelly Ann Shea
8320 Green Heron Way
Lorton, Virginia 22079

14041